**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MANUEL WILLIAMS, | : | |
| | | Civ. No. 10-4579 (NLH) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| DONNA ZICKEFOOSE, | : | |
| | | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner pro se                       Counsel for Respondents
Manuel Williams                         Mark Christopher Orlowski
09622-073                               Office of the U.S. Attorney
FCI Fort Dix                            District of New Jersey
Fort Dix, NJ 08640                      402 East State Street
                                        Room 430
                                        Trenton, NJ 08608

**HILLMAN**, District Judge

   Petitioner Manuel Williams, currently a prisoner confined at FCI Fairton in Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241;[1] he has paid the $5 filing fee.

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

In his one page statement of claims, Petitioner cites as his sole ground: "Whether the Bureu [sic] of Prisons failure to implement the sentence imposed to this Petitioner by the sentencing court mandates habeas corpus relief?"  Petitioner supports his claim with the following facts:

> On February 3, 2005 this Petitioner was arrested and charged in South Dakota State Court and sentenced to a 3-year 4-month sentence for Attempted Possession of a Controlled substance out of Pennington County, that sentence commenced on February 2, 2005 ... that offense is the same offense charged in the United States District Court - District of South Dakota - Western Division. ... [I]n federal court this Petitioner recived [sic] a 121 month sentence, also imposed were other matters to be dealt upon release of federal custody.

Petitioner asserts that the BOP miscalculated his jail credit and states that he is being deprived of time served.

The facts provided in the petition are vague, but can be supplemented by the information listed below, taken from Respondent's responsive filing.  The following facts are recited from the Declaration of Patricia Kitka (Attachment #1 to Respondent's Brief, numbered paragraph indicators and citations to additional attachments omitted):

> According to a review of Petitioner's Presentence Investigation Report (PSI), Petitioner was arrested by the South Dakota Division of Criminal Investigation (DCI), and

charged with Attempted Possession of a Controlled Substance, on February 3, 2005.  On August 30, 2005, Petitioner was sentenced by the Seventh Judicial Circuit Court, Pennington County, Rapid City, South Dakota, to a 40-month sentence in the South Dakota State Penitentiary.  The PSI also indicates on October 13, 2005, Petitioner was indicted in the United States District Court for the District of South Dakota, on two counts of Conspiracy to Distribute a Controlled Substance, two counts of Possession With Intent to Distribute a Controlled Substance, and two counts of Distribution of a Controlled Substance.  On November 17, 2005, Petitioner was transferred to federal custody pursuant to a Writ of Habeas Corpus ad Prosequendum.  On June 16, 2006, while Petitioner was on a federal writ, his state sentence ended.  He remained in federal custody due to the pending federal charges.  On December 4, 2006, Petitioner was sentenced on three Counts in the United States District Court for the District of South Dakota, Western Division, Case Number 5:05-CR-050081-001.  Specifically, he was sentenced to 121-months imprisonment on Count I, Count II and Count IV of the Indictment, all Counts to run concurrently.  The Court made the following recommendation to the Bureau of Prisons: "that the Bureau of Prisons designate the South Dakota State Penitentiary to be the place of service of this sentence, thereby making this sentence concurrent with the defendant's imprisonment pursuant to the judgment in the Seventh Judicial Circuit Court, Pennington County, South Dakota, docket number 51C05000882AO."  Since Petitioner paroled from his state sentence on June 16, 2006, prior to imposition of the federal sentence, he was not returned to the South Dakota Department of Corrections.  Accordingly, the U.S. Marshal Service requested designation from the Bureau of Prisons. Petitioner was subsequently designated to the Federal Correctional Institution (FCI) Fort Dix.  He arrived there on December 20, 2006.  The Bureau of Prisons completed Petitioner's sentence computation for the 121 month federal sentence imposed by the District Court.  His federal sentence is calculated to commence on December 4, 2006, the date of imposition.  A review of prior custody credit eligibility showed that the South Dakota Department of Corrections applied credit toward his state sentence from February 2, 2005, to his release date on June 16, 2006 (the date he was paroled from his state sentence.)  Accordingly, he received prior custody credit toward his federal sentence

> from [June]² 17, 2006, the date after his state sentence ended, through December 3, 2006, the day before his federal sentence commenced. He is projected to earn 474 days of Good Conduct Time. As a result, Petitioner is projected for release on March 31, 2015, via Good Conduct Time Release.

Response to Petition for Writ of Habeas Corpus (docket entry number 8, document 8-1 at 1-4).

## II.  LEGAL STANDARD

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and must set forth "facts supporting each of the grounds thus specified." See Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amended Dec. 1, 2004) ("Habeas Rules"), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

Nevertheless, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989);

---

²While the Declaration of Patricia Kitka stated "July," this Court interprets that as a typographical error that should instead have stated "June."

4

United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.  ANALYSIS

A.  Jurisdiction

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).  Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

Accordingly, this Court has jurisdiction to hear this application for credit toward his federal sentence.

B.  Petitioner's Claims

Petitioner brings this application, for a reduction or credit with respect to his remaining sentence, under 28 U.S.C. § 2241.  "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (citations omitted).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.), cert. denied, 429 U.S. 851 (1976) (finding jurisdiction where prisoner challenged erroneous computation of release date).  See also Vega v. United States, 493 F.3d 310 (3d Cir. 2007) (finding jurisdiction where prisoner challenged BOP's failure to give credit for time served prior to federal sentence); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991) (finding jurisdiction where prisoner challenged BOP refusal to decide whether to designate state prison as a place of serving federal sentence); Soyka v. Allredge, 481 F.2d 303 (3d Cir. 1973) (finding jurisdiction where petitioner alleged a claim for credit for time served prior to federal sentencing).

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C.

§ 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

Petitioner's request to have the time before June 17, 2006 credited against his remaining time is, in effect, a request for double credit of the state time that Petitioner served prior to federal sentence.  Double credit is prohibited pursuant to 18 U.S.C. § 3585(b) which provides that a credit shall be given

credit toward the service of a term of imprisonment only where it has not been credited against another sentence.

While § 3585(b) does allow time credit for prior custody in certain situations, that provision of the statute is not available to Petitioner here.  It is not permissible for inmates to double count their time served.  See United States v. Wilson, 503 U.S. 329, 337.

Here, Petitioner contends that he is entitled to credit for time served on the state sentence, before the federal sentence was issued.  While it is true that the United States District Court for the District of South Dakota, Western Division ordered that the December 4, 2006 sentence run concurrent to the existing state sentence, Petitioner is not entitled to credit for the prior custody since the state sentence expired before he began serving his federal sentence.  Simply because the District Court stated that the sentences should run concurrently does not change the fact that it would have been impossible to serve both sentences concurrently since the state sentence expired before the federal sentence began.  See Mills v. Quintana, 2010 WL 5027166 (3d. Cir. 2010).

Thus, the BOP correctly calculated Petitioner's credit since prior custody credit is impermissible under 18 U.S.C. § 3585.  Petitioner has already received prior custody credit toward his federal sentence from June 17, 2006, the day after his state

8

sentence ended, to December 3, 2006, the day before his federal sentence began.  Petitioner is not entitled to any additional credit toward service of his federal sentence.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.


At Camden, New Jersey                    /s/ Noel L. Hillman
                                              Noel L. Hillman
                                              United States District Judge

Dated: January 5, 2012